UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| NATHANIEL D. MILLER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:08-CV-107 RM |
| | ) | |
| CHARLES D. HART, | ) | |
| | ) | |
| Defendant | ) | |

OPINION AND ORDER

Nathaniel Miller, a prisoner confined at the Wells County Jail, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that Allen County Jail Commander Charles Hart violated his federally protected rights while Mr. Miller was confined there. Pursuant to 28 U.S.C. § 1915A(a), the court shall review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The court must dismiss an action against a governmental entity or officer or employee of a governmental entity if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(b). Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived her of a federal right [and] . . . he must allege that the person who has deprived her of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and

intent be pleaded generally.

<u>Alvarado v. Litscher</u>, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of her "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

<u>Bell Atl. Corp. v. Twombly</u>, ___ U.S. ___, ___; 127 S.Ct. 1955, 1964-65 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases her claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3 (quotation marks and citation omitted). Furthermore, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*, 127 S.Ct. at 1965, citing <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986) (quotation marks omitted).

Mr. Miller brings his action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. <u>Bell v. City of Milwaukee</u>, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United

2

States, and must show that a person acting under color of state law committed the alleged deprivation. West v. Atkins, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. Baker v. McCollan, 443 U.S. 137, 140 (1979).

Mr. Miller alleges that Mr. Hart deprived him of meaningful access to the courts by denying him access to the facility's law library. According to the complaint, Mr. Miller was at the Allen County Jail over a year but was unable to "acquire legal support critical to [his] defense and post-conviction matters." (Complaint at p. 3). He states that he is represented by counsel on criminal charges but states that he has "a signed communication from appointed counsel stating the above mentioned are not a part of his responsibilities." (Complaint at p. 3).

To establish a violation of the right to access to the courts, an inmate must establish that jail officials failed to provide the assistance required by Bounds v. Smith, 430 U.S. 817 (1977), and show that he suffered actual injury. Lewis v. Casey, 518 U.S. 343, 351 (1996) (holding that Bounds v. Smith did not eliminate the actual-injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts). The actual-injury requirement applies even in cases "involving substantial systematic deprivation of access to court," including the "total denial of access to a library," or "an *absolute* deprivation of access to all legal materials" Lewis v. Casey, 518 U.S. at 2181 n. 4 (emphasis in original). Standing alone, delay and inconvenience do not rise to the level of a constitutional deficiency. Campbell v. Miller, 787 F.2d 217, 229 (7th Cir. 1986), *cert. denied*, 479 U.S. 1019 (1986).

A pretrial detainee who is without counsel needs the tools necessary to prepare a defense against the charges against him. But jail officials are not required to provide legal materials to an inmate who "was represented by counsel on his criminal charges." Martin v. Tyson, 845 F.2d 1451, 1457 (7th Cir. 1988). Because Mr. Miller asserts that the counsel representing him in his current criminal prosecution will not help him with the post-conviction challenge he wishes to mount against an earlier conviction, the court will assume that he requires personal access to legal materials. The court will also assume, at this stage of the cae, that Mr. Hart's refusal to allow him access to the jail law library has delayed his filing of a post-conviction relief petition challenging his earlier conviction.

But even giving Mr. Miller the benefit of these inferences, his complaint states no claim upon which relief can be granted because delay and inconvenience by themselves do not rise to the level of a constitutional deficiency. Campbell v. Miller, 787 F.2d at 229. Even if he has been delayed in challenging an earlier conviction, he has not suffered actual harm. Moreover, Mr. Miller is no longer at the Allen County Jail, any barrier erected by Mr. Hart's actions is no longer a problem, and this claim is moot as to injunctive relief . Higgason v. Farley, 83 F.3d 807, 811 (7th Cir. 1996)

For the foregoing reasons, the court DISMISSES this complaint pursuant to 28 U.S.C. § 1915A(b)(1).

SO ORDERED.

ENTERED: July __31__, 2008

                                              __/s/ Robert L. Miller, Jr.__
                                              Chief Judge
                                              United States District Court